IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 3, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| EARL MANEY | ) BRADLEY COUNTY |
| | ) 03A01-9502-CH-00065 |
| Plaintiff-Appellant | ) |
| | ) |
| | ) |
| v. | ) HON. EARL H. HENLEY, |
| | ) CHANCELLOR |
| | ) |
| PAUL J. PARKER, Individually | ) |
| and d/b/a PRECIOUS WOODS | ) |
| AND METALS | ) |
| | ) |
| Defendant-Appellee | ) AFFIRMED AND REMANDED |

JOE A. CONNER OF CHATTANOOGA FOR APPELLANT

JAMES S. THOMPSON OF CLEVELAND FOR APPELLEE

O P I N I O N

Goddard, P.J.

Earl Maney, the Plaintiff, and Paul J. Parker, the Defendant, were the parties to a written five-year lease for commercial property in Cleveland. Mr. Parker, who operated a woodworking/machine shop on the premises, took possession of the property on September 8, 1989. Late in 1990, after occupying the property for slightly more than one year, he vacated the

premises. On May 6, 1993, Mr. Maney, the landlord, filed suit in the Chancery Court of Bradley County seeking back rent and damages for repairs to the building. After a trial, the Chancellor determined that Mr. Parker "had a right to abandon the premises," but awarded damages to compensate Mr. Maney for expenses he incurred making repairs to the property. Mr. Maney appeals and presents the following issues for review:

    1.    The Chancellor erred in holding that the Defendant had a right to abandon the premises.

    2.    The Chancellor erred in failing to hold that Defendant waived his right to abandon by remaining on the property for six months and paying rent for nine months after the alleged notice to vacate.

    3.    The Chancellor erred by admitting evidence which should have been barred by the Statute of Frauds.

    4.    The Chancellor erred in holding that the Appellant was not entitled to future rent for the balance of the leased period; in failing to award Appellant the entire amount expended for removal of debris and repair of the building subsequent to the Appellee vacating the premises; and in failing to award the Appellant his expenses and attorney's fees incurred in enforcing the provisions of the lease.

    Soon after Mr. Parker occupied the premises, the relationship between the parties became rather contentious. The record indicates that the parties clashed over a variety of matters generally related to the condition of the premises while in Mr. Parker's possession. At some point in the late spring or summer of 1990, the parties argued over responsibility for an overhead door which had fallen. Mr. Parker claims that during the course of the argument Mr. Maney said: "You get your stuff

2

and get out." To which Mr. Parker alleges he replied: "[A]s soon as I can find a building, that's exactly what I'll do." Mr. Parker's testimony is corroborated by two former employees and another tenant of Mr. Maney's, but Mr. Maney denies that the exchange occurred.

Soon after the conversation regarding the garage door, Mr. Parker began searching for another building. By November of 1990 Mr. Parker had moved his business to a new location. However, Mr. Parker continued paying rent through January of 1991 because a vehicle he owned remained on the premises until that time. Two months after Mr. Parker ceased paying rent, in March of 1991, Mr. Maney left a message on Mr. Parker's answering machine advising him that they needed to discuss the situation. Mr. Parker promptly returned the call, but failed to reach Mr. Maney. After making some repairs to the building, Mr. Maney relet the premises. Although the two occasionally saw each other around town, they had no further contact regarding the leased premises until Mr. Maney filed this suit.

Mr. Maney's first three issues hinge on the following question: Was Mr. Parker relieved of his obligations under the lease, if so, when was the lease terminated? In his Memorandum Opinion, the Chancellor determined that "[t]here are enough faults on each side to invalidate the contract" and that, in view of all the evidence, Mr. Parker "had a right to abandon the premises." Although the Chancellor does not specify the legal

3

grounds for his decision, the remedy suggests that he either granted a rescission of the lease contract, or found that the landlord committed a breach so material as to discharge the tenant from his duty to pay rent. Unfortunately, the evidence does not support the Chancellor's decision. The record does not reflect sufficient grounds to support a rescission, nor does it reflect that Mr. Maney committed a breach so material that it operated to discharge Mr. Parker's lease obligations.

In his brief, Mr. Parker argues that the alleged exchange between himself and Mr. Maney in which he agreed to "get out" amounted to an agreement to terminate the lease by mutual assent. Tennessee follows the general rule that when parties agree to terminate a lease to which the Statute of Frauds is applicable, the terminating instrument must also be in writing. 17 Tennessee Jurisprudence, Landlord and Tenant § 29 (1994) [hereinafter Landlord and Tenant]; see also 3A Thompson on Real Property, § 1315 (1981) [hereinafter Thompson]. The courts will not enforce a parol agreement to surrender, such as the one alleged here. However, the doctrine of surrender of the term by operation of law can operate to terminate a lease without the requirement of a writing.

Under Tennessee law, a surrender occurs when a tenant abandons the leased premises and the landlord accepts the abandonment, either expressly or through acts indicating acquiescence. Landlord and Tenant § 29. A surrender of the term

4

by operation of law arises when the parties act in a manner implying a mutual agreement to terminate the landlord and tenant relationship, yet offer and acceptance are not clearly present. Thompson, supra § 1344. The question of whether the acts of the parties indicate a meeting of the minds on the issue of surrender is one for the fact-finder. Id. Since this is an appeal of a bench trial and the record reflects a full evidentiary hearing, we are able to make that finding in our de novo review.

Courts will find an abandonment of the leased premises where the tenant does an act or acts exhibiting the intent to abandon and resulting in the absolute relinquishment of the premises. Landlord and Tenant § 29. Mr. Parker's act of moving his business from the property at issue, coupled with his discontinuing the rent payments, sufficiently indicates his intent to abandon the premises.

Our decision in this case turns upon whether Mr. Maney should be deemed to have accepted Mr. Parker's abandonment. Our Supreme Court addressed this issue in Karns v. Vester Motor Co., 161 Tenn. 331, 30 S.W.2d 245 (1930). In Karns, the Supreme Court, in quoting from 35 Corpus Juris, 1093, adopted the following rule (161 Tenn. at page 333; 30 S.W.2d at page 245):

> The acceptance of a surrender is not implied from the mere fact of a reletting of the demised premises, although taken in connection with other circumstances the reletting may amount to an acceptance and work a surrender of the term by operation of law. Whether a reletting shows an acceptance of the surrender depends

5

on whether the landlord relets on the account of the tenant or on his own account.

The Court, cognizant of the rule requiring mitigation of damages, also stated: "[T]he landlord may refuse to accept a surrender, and *after notice to the lessee of his intention to do so,* relet the premises for the best rent obtainable, and recover the difference between the rent reserved in the lease and the rent received from the subsequent tenant." (Emphasis added.)

Thus it is quite clear that a landlord who relets abandoned property but wishes to avoid the doctrine of surrender by operation of law, must notify the tenant that the reletting is only in mitigation of damages and does not indicate an intent to accept the tenant's abandonment. The record in this case indicates that Mr. Maney left a message regarding the lease on Mr. Parker's answering machine approximately two months after receiving Mr. Parker's last rent payment. Mr. Parker testified that he attempted to return the call but got no answer. Mr. Maney made no further attempt to notify Mr. Parker of his intentions regarding the property even though they occasionally saw each other around town and Mr. Parker's address and telephone number remained the same.

We find that Mr. Maney's single attempt to telephone Mr. Parker regarding the lease is not sufficient to constitute notice of an intent to relet on Mr. Parker's account in mitigation of damages. Therefore, Mr. Maney's subsequent

6

reletting of the property is an act inconsistent with the landlord and tenant relationship which evidences an intent to accept Mr. Parker's abandonment of the premises. Taken together, the acts of Mr. Parker and Mr. Maney constitute a surrender of the term by operation of law. Therefore, Mr. Parker was relieved of his obligations under the lease, not because of the alleged parol agreement to terminate, but because of Mr. Maney's acceptance of Mr. Parker's abandonment of the premises.

The only remaining issues Mr. Maney raises regard the Chancellor's award of damages, and his refusal to award expenses and attorney's fees. Mr. Maney appeals the amount of damages awarded by the Chancellor for repairs to the premises after Mr. Parker's abandonment. The Chancellor heard a great deal of testimony regarding damages, he viewed a number of photographs and a number of invoices and receipts. After reviewing the evidence, the Chancellor determined that Mr. Maney had proven $1,250 in damages to a reasonable certainty. The evidence does not preponderate against the Chancellor's finding; hence, we will not disturb it.

The final issue Mr. Maney presents is whether the Chancellor should have awarded expenses and attorney's fees as provided in the lease for "enforcing any provision of the lease." The only provision of the lease actually enforced through this action is the one requiring Mr. Parker to surrender the premises in the same condition and repair as he received them, ordinary

7

wear and tear excepted. While some small percentage of the attorney fees Mr. Maney has expended on this case can be attributed to his damage recovery, we decline to enforce this provision of the lease because Mr. Maney filed suit without giving Mr. Parker an opportunity to settle their dispute. We believe that before Mr. Maney is entitled to onerate Mr. Parker with attorney fees, it was incumbent upon Mr. Maney to give notice of his claim before resorting to legal action.

For the foregoing reasons the judgment of the Chancellor is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Appellant and his surety.

_____
Houston M Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.



_____
Clifford E. Sanders, Sr.J.

8